No. 926

First Circuit

———

CARLOCK v. CLINE

———

(February 8, 1932.   Opinion and Decree.)

———

Hawkins & Pickrel, of Lake Charles, attorneys for plaintiff, appellee.

Cline, Plauche & Girod, of Lake Charles, attorneys for defendant, appellant.

ELLIOTT, J.   Thomas Carlock was employed as a laborer by W. E. Cline. His work was to stack lumber and drive a truck, in connection with a sawmill operated by said Cline. The said Carlock furnished his own truck and supplied it with

gasoline and oil, etc., using the truck to haul lumber and ties for said Cline.

Carlock alleges that on or about November 7, 1930, while engaged in loading some sawed timber on his truck at the sawmill operated by Cline, he accidentally mashed and injured the third finger of his right hand, and on the next day following this injury, while stacking strips, accidentally stuck a splinter in the same finger; that said injuries resulted in the loss of his finger, and he claims compensation on said account.

He claims that he was earning at the time 50 cents per hour, working 10 hours a day, a total of $30 per week. He claims compensation for a period of 20 weeks, and, in addition, $83.50 on account of sanitarium expenses and physician's fees.

The defendant Cline for answer denies that plaintiff was working for him when injured, or that he was earning any wages by working for him at that time.

The lower court awarded plaintiff compensation at the rate of $16.10 per week for 20 weeks, and, in addition, $83.50 on account of hospital charges and physician's fees. The defendant has appealed.

The loss of plaintiff's finger is admitted. Plaintiff testifies that it resulted from injury sustained while working for defendant. The testimony of the plaintiff is corroborated by witnesses and in other ways.

The defendant offers evidence the purport of which was to show that his mill was not running at the time plaintiff alleges that he was injured, and that plaintiff was not working for him at the time his injury was sustained. The evidence on the question is contradictory, but we agree with the lower court that the preponderance of the evidence on the subject goes to show that defendant was operating his sawmill, and that plaintiff was working for him at the time he received the injury to his finger which resulted in its loss. The finding of the lower court on this subject in favor of the plaintiff was correct.

The defendant further contends that the plaintiff is not entitled to the amount of compensation awarded him in the lower court, on the ground that he was not earning as wages for his labor as much as the lower court decided that he was doing.

The plaintiff was working ten hours a day and earning 50 cents an hour. He was operating his own truck and furnishing his own gasoline, oil, and the upkeep of the truck. He is only entitled to wages for his labor, and not for the use of the truck. The district judge accepted plaintiff's testimony as to the amount of his expenses in operating his truck, found in the transcript page 58, note of testimony page 36. Plaintiff's weekly expense for operating his truck amounted to $5.22, which, deducted from his weekly earnings, left $24.78 as his net earnings per week.

Now 65 per cent of this amount makes $16.10, which is the compensation to which the plaintiff is entitled for 20 weeks. He is also entitled to $83.50 as hospital expense and the fees of doctors.

We think the district judge figured the amount correctly, and that his judgment should be affirmed.

Judgment affirmed. Defendant and appellee to pay the cost in both courts.